UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Tarelsha Lashana Barnes, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br><br><br> -v.-<br><br>FBCS Holding Corporation d/b/a fbcs,<br>CF Medical, LLC,<br><br>      Defendant(s). | Civil Action No: 6:21-cv-1394<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

   Plaintiff Tarelsha Lashana Barnes (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through her attorneys, Zeig Law Firm, LLC, against Defendant FBCS Holding Corporation d/b/a fbcs (hereinafter referred to as "Defendant FBCS") and Defendant CF Medical, LLC (hereinafter referred to as "Defendant CF Medical"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

   1.  Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Florida consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Florida, County of Orange.

8. Defendant FBCS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with a business address of 150 W. Flagler St., Miami, FL 33130 and a registered agent at said address of Curtis H. Sitterson.

9. Upon information and belief, Defendant FBCS uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant CF Medical is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with a business address of 13260 SW 17th Ln, Miami, FL 33175-7648 and an address for service of process of C T Corporation System, 1200 S Pine Island Rd #250, Plantation, FL 33324.

11. Upon information and belief, Defendant CF Medical uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:
    a. all individuals with addresses in the State of Florida;
    b. whose personal information was transmited by Defendant FBCS to its dunning vendor;
    c. in connection with a debt whose original creditor was Florida Hospital;
    d. containing a statement that "calling for further information or making a payment is not a substitute for disputing debt.";

  e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' transmittal of the consumer's personal information to its dunning vendor constituted a communication "in connection with the collection of any debt," in violation of 15 U.S.C. § 1692c(b) and § 1692e et seq.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' transmittal of the consumer's personal information to its dunning vendor constituted a communication "in connection with the collection of any debt," in violation of 15 U.S.C. § 1692c(b) and § 1692e et seq.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. On or about April 9, 2016, an obligation was allegedly incurred to the original creditor, Florida Hospital.

23. The original obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal or family medical purposes, specifically, the debt related to medical services.

24. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

25. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Defendant CF Medical purchased the defaulted debt from the original creditor for the purpose of debt collection. Therefore, Defendant CF Medical is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

27. Defendant CF Medical contracted Defendant FBCS for the purpose of debt collection. Therefore, Defendant FBCS is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

28. Defendant CF Medical has policies and procedures in place that govern Defendant FBCS's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing Defendant CF Medical's control over Defendant FBCS's collection practices.

29. By virtue of the relationship between the two Defendants, Defendant CF Medical exercised control over Defendant FBCS while the latter was engaged in collecting the subject debt on behalf of the former.

30. Therefore, Defendant CF Medical should be held vicariously liable for any and all violations committed by Defendant FBCS.

31. Defendant FBCS chose to contact Plaintiff regarding the debt via a written correspondence in an attempt to collect the alleged debt.

32. However, rather than preparing and mailing a collection letter on its own, Defendant FBCS transmitted information regarding Plaintiff and her medical debt to a commercial mail house vendor.

33. Defendant disclosed the following information to its vendor:

    a. Plaintiff's status as a debtor;

    b. the exact balance of the debt;

    c. the entity to which she owed the debt;

    d. the date of medical services provided;

      e.   that the debt concerned medical treatment at Florida Hospital; and

      f.   Other personal information.

34. Defendant FBCS's vendor then populated some or all of this consumer information into a pre-written template, printed it, and prepared the letter for mailing to Plaintiff's residence in Florida.

35. The FDCPA defines a "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

36. The sending of an electronic file containing information about Plaintiff's purported debt to a mail house vendor is therefore a communication.

37. Defendants' communication to its mail house vendor were "in connection with the collection of a[ ] debt" (§ 1692c(b)), as Defendants' objective was for Plaintiff to pay the alleged debt after receiving the mail house vendor's letter.

38. Plaintiff never provided consent to the debt collector for the debt collector to communicate with any third party.

39. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

"Except as provided in section 1692b of this title, <u>without the prior consent of the consumer given directly to the debt collector</u>, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, <u>a debt collector may not communicate</u>, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

40. The mail house vendor used by Defendant FBCS as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b).

41. Due to Defendant FBCS's communication to its mail house vendor, information about Plaintiff (including, *inter alia*, her name, the amount allegedly owed, the entity to which she owed the debt, the date of medical services provided, and Plaintiff's home address) was transmitted to the possession of an unauthorized third-party.

42. Defendant FBCS violated the personal privacy of Plaintiff in its communication with its mail house vendor.

43. In addition, Plaintiff received a collection letter from Defendant FBCS, dated March 5, 2021. (*See* "Letter" attached as Exhibit A.)

44. The Letter states: "calling for further information or making a payment is not a substitute for disputing debt."

45. This statement is confusing and deceptive to consumers.

46. A consumer *may* dispute the validity of a debt.

47. Furthermore, the right to dispute the validity of a debt is available for 30 days following the receipt of the initial collection letter.

48. The consumer is under no obligation to dispute the validity of a debt.

49. The implication of this statement is that the consumer must dispute the debt.

50. Therefore, Defendant FBCS misstated Plaintiff's rights, in violation of the FDCPA.

51. As a result of the Defendant FBCS's violations of the FDCPA, the Plaintiff was harmed. Plaintiff was harmed by being subjected to abusive debt collection practices, from which she had a substantive right to be free, by having her privacy invaded, and by having her private and protected information shared with unauthorized parties.

52. These violations by Defendant FBCS were unconscionable, knowing, willful, negligent and/or intentional, and Defendant FBCS did not maintain procedures reasonably adapted to avoid any such violations.

53. Defendant FBCS's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA prohibits debt collectors from communicating consumers' personal information to third parties "in connection with the collection of any debt." *Hunstein v. Preferred Collection & Mgmt. Servs.*, 2021 U.S. App. LEXIS 11648, *2, F.3d, 2021 WL 1556069.

54. Plaintiff's injury was concrete as it was a tangible harm. The plaintiff was emotionally distressed due to Defendants' transmittal of Plaintiff's personal information to a third party.

55. In the alternative, Plaintiff's injury was concrete as the Defendant violated the FDCPA, which "prohibits a debt collector from 'communicat[ing], in connection with the collection of any debt, with any person other than the consumer'". *Id.* at *11.

56. Therefore, this Court has Article III standing, as the FDCPA's statutory findings explicitly identify "invasions of individual privacy" as one of the harms against which the statute is directed. 15 U.S.C. § 1692(a). This is "sufficient." *Id.* at *12 (holding that a violation of § 1692c(b) gives rise to a concrete injury in fact under Article III).

57. As a result of Defendants' communication with its vendor, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692c *et seq.*

58. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

59. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

60. Pursuant to 15 U.S.C. §1692c(b) of the FDCPA:

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, <u>a debt collector may not communicate</u>, in connection with the collection of any debt, with <u>any person</u> other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

61. Defendants violated §1692c(b) by transmitting the Plaintiff consumer's personal information to its mail house vendor.

62. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692c(b) et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

63. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

11

64. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

65. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66. Defendant violated §1692e:

    a. As the letter falsely represents the character and/or legal status of the debt in violation of §1692e(2)(A); and

    b. As the letter makes a false and misleading representation in violation of §1692e(10).

67. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

68. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Tarelsha Lashana Barnes, individually and on behalf of all others similarly situated, demands judgment from Defendant FBCS Holding Corporation d/b/a fbcs and Defendant CF Medical, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 24, 2021            Respectfully Submitted,

**ZEIG LAW FIRM, LLC**
/s/ Justin Zeig
Justin Zeig, Esq.
3475 Sheridan St. Ste 310
Hollywood, FL 33021
Telephone: (754) 217-3084
Facsimile: (954) 272-7807
justin@zeiglawfirm.com
*Counsel for Plaintiff*